UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 NOV 24  PM 2: 53

CLERK
BY_____
DEPUTY CLERK

KATHLEEN RILEY, )
 )
   Plaintiff, )
 )
v. )    Case No. 2:15-cv-00150
 )
JONATHAN BROOK, )
 )
   Defendant. )

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
AND GRANTING IN PART DEFENDANT'S MOTION TO STRIKE**
(Docs. 6, 24)

Plaintiff Kathleen Riley brings this action against Defendant Jonathan Brook to recover for injuries she sustained as a result of Defendant allegedly colliding with her on a ski slope at Mt. Snow in Dover, Vermont. Pending before the court is Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), wherein Defendant argues that Plaintiff's claim is barred by the one-year statute of limitations set forth in 12 V.S.A. § 513. Also pending is Defendant's motion to strike Plaintiff's Sur-Reply on the basis that Plaintiff improperly raised new issues therein. Plaintiff opposes both motions. After oral argument on October 23, 2015, the court took these matters under advisement.

Plaintiff is represented by Sharon L. Annis, Esq. and Bettina V. Buehler, Esq. Defendant is represented by Harry R. Ryan, III, Esq. and Eric J. Morgan, Esq.

**I.   Allegations in Plaintiff's Complaint.**

Plaintiff alleges that on December 31, 2012, she was skiing down a beginner's trail called "Long John" while Defendant was skiing uphill of her, in what Plaintiff describes as "a tucked position[.]" (Doc. 13 at 1, ¶¶ 5, 9.) She alleges that Defendant crashed into her "at such a speed and force that the impact thrust[ed] her approximately four feet away from the point of the initial impact." *Id.* at 1, ¶ 10. As a result of the collision, Plaintiff claims to have suffered "serious and grievous physical injuries[,] as

well as mental anguish, past, present and future." *Id.* at 1, ¶ 11. She asserts damages for "loss of wages, and loss of enjoyment of life as well as hospital expenditures as a result of the collision, past, present and future." *Id.* at 2, ¶ 12.

In her two count complaint, Plaintiff asserts claims of negligence and gross negligence. She contends that Defendant failed to control his speed, look out for other skiers, warn Plaintiff of the impending collision, and take proper precautions to limit the risk of collision. She further claims that Defendant skied in a reckless manner and disregarded the safety hazards he imposed on other skiers.

## II.   Procedural Background.

On June 8, 2015, more than two years after the alleged collision, Plaintiff filed this action in the Vermont Superior Court, Windham Unit. Defendant removed this case to the District of Vermont pursuant to 28 U.S.C. §§ 1332, 1441, 1446. Plaintiff then moved to remand the case to state court for lack of subject matter jurisdiction, arguing that Defendant failed to establish that the amount in controversy exceeded $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). The court denied Plaintiff's motion, concluding that Defendant sustained his burden of proving by a "preponderance of the evidence . . . that the amount in controversy exceeds" the jurisdictional threshold. (Doc. 23 at 3.) In doing so, the court noted that Plaintiff did not stipulate to damages below the amount required by 28 U.S.C. § 1332(a).

Defendant's motion to dismiss was filed on July 1, 2015. In the course of opposing Defendant's motion to dismiss, Plaintiff moved for leave to file a sur-reply. She sought to discuss "how the Vermont Supreme Court would likely rule on the statute of limitations issue[.]" (Doc. 20 at 1.) She also sought to discuss "an unpublished, non-precedential Vermont Supreme Court case that [Defendant] urge[d] this court to rely on [in his reply]." *Id.* The court granted Plaintiff leave to file a sur-reply on this basis, and she thereafter filed her Sur-Reply.[1] On September 2, 2015, Defendant moved to strike Plaintiff's Sur-Reply.

---

[1] In her Sur-Reply, Plaintiff challenged § 513 on constitutional grounds. Plaintiff has notified the Vermont Attorney General regarding her constitutional challenge to the statute, and the

2

### III. Conclusions of Law and Analysis.

#### A. Whether the Applicable Statute of Limitations Requires Dismissal of Plaintiff's Claims.

Defendant moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6), asserting that Plaintiff's claim is barred by the one-year statute of limitations in 12 V.S.A. § 513, which provides: "[a]n action to recover for injuries sustained while participating in the sport of skiing shall be commenced within one year after the cause of action accrues, and not after."

"Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014). "[D]ismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). "[T]he survival of a Rule 12(b)(6) motion to dismiss on statute of limitations grounds requires only allegations consistent with a claim that would not be time-barred." *Id.* at 251.

In deciding whether a statute of limitations renders a claim time-barred, "[the court] first look[s] at the statute's plain language." *Dep't of Taxes v. Murphy*, 2005 VT 84, ¶ 5, 178 Vt. 269, 271, 883 A.2d 779, 781. "In the absence of a plain meaning, [the court] must look to the statutory section as a whole, looking to the reason and spirit of the law and its consequences and effects to reach a fair and rational result." *Weale v. Lund*, 2006 VT 66, ¶ 6, 180 Vt. 551, 552, 904 A.2d 1191, 1194 (internal quotation marks omitted).

On its face, § 513 bars Plaintiff's claims because it applies to "injuries sustained while participating in the sport of skiing[.]" The Vermont Supreme Court's interpretation of § 513 underscores the conclusion that the statute applies to skier-upon-skier accidents that occur while the plaintiff is engaged in the sport of skiing. In the seminal case of

---

Attorney General has declined to intervene in this lawsuit to defend the statute. *See* Fed. R. Civ. P. 5.1 (requiring parties to notify the state Attorney General when challenging the constitutionality of a state statute).

*Marshall v. Town of Brattleboro*, 160 A.2d 762 (Vt. 1960), the court held that "[t]he distinguishing aspect of the sport of skiing to which this statute applies pertains to the risk of injury incident to the skier's attempt to cope independently with conditions of snow and ice, terrain, weather and *the activities of other skiers*, while using the ski area." *Id.* at 765 (emphasis supplied). The Vermont Supreme Court also noted that "[t]he statute becomes purposeful when its application is restricted to activities on skis where the skier undertakes to exercise independent control of his course, direction, speed and skiing method in the skiing area furnished." *Id.* at 764-65.

In *Lengel v. Equipe Sports, Ltd.*, 738 A.2d 116 (Vt. 1999),[2] the Vermont Supreme Court again considered § 513, noting that "[t]here is little to quarrel with in the plain language of the statute." *Id.* at *1. The plaintiff in *Lengel* "argue[d] that the superior court erred in applying the one-year statute of limitations of 12 V.S.A. § 513 to injuries caused by allegedly defective equipment that [the plaintiff] rented from [the defendant]." *Id.* In doing so, the plaintiff pointed to the title of the act, "[a]n act concerning the liability of the operators of ski areas[,]" as indicative that § 513 applies only to ski area operators. *Id.* The Vermont Supreme Court disagreed and concluded that § 513 "is not directed at operator liability but *at injuries sustained in the sport of skiing*[,]" including in the "case where one skier hits another without warning." *Id.* at *2 (emphasis supplied and internal quotation marks omitted).[3]

---

[2] Plaintiff argues that *Lengel* is an unpublished opinion that lacks precedential value. *See Shattuck v. Peck*, 2013 VT 1, ¶ 37, 193 Vt. 123, 140, 70 A.3d 922, 934 (providing that an "unpublished opinion has no precedential value"). While not binding, unpublished opinions may be useful in anticipating how the Vermont Supreme Court would rule on an issue. *See id.* (holding that an unpublished opinion may nonetheless be "instructive" as to the court's reasoning and assessment of an issue).

[3] This court has reached similar conclusions in interpreting § 513. In *Weiner v. Sherburne Corp.*, 348 F. Supp. 797 (D. Vt. 1972), the "plaintiff argue[d] that the one[-]year statute of limitations should be applied only to the operators of ski areas[.]" *Id.* at 798. In rejecting this argument, this court held that the statute had no such limitation and applied more broadly, including to a wholesale distributor of allegedly defective ski bindings. *Id.* It also noted that "nothing in the [*Marshall*] opinion [] indicate[s] the court intended that the very clear language of [] § 513 should not apply to all downhill skiing accidents regardless of the alleged cause therefor." *Id.*

4

Similarly, in *Ostheimer v. Stark*, 2004 WL 5583276 (Vt. 2004), the Vermont Supreme Court applied § 513 to a skier-upon-skier claim, ruling that even though the plaintiff filed his complaint "three days before the expiration of the one-year statute of limitations [in § 513,]" he failed to serve the complaint on the defendant within the sixty-day period allowed for service, and thus his claim was time-barred. *Id.* at *1.

Plaintiff relies on an array of arguments in support of her contention that § 513 is ambiguous and the three-year statute of limitations set forth in 12 V.S.A. § 512 should apply. She contends that the phrase "the sport of skiing" is ambiguous because it may include a variety of activities, including cross-country skiing, snowboarding, and water skiing. Plaintiff admits, however, that she was engaged in downhill skiing at the time of the alleged collision. *See* Doc. 13 at 1, ¶ 6 (noting that "at all times relevant hereto, [] Plaintiff [] was skiing"). The court therefore need not decide whether the other activities listed by Plaintiff are also subject to § 513. *See Lengel*, 738 A.2d at *1 ("[The plaintiff] also raises numerous hypothetical absurd results of a plain language interpretation of the statute, but these are not persuasive, as there is no absurd result in the instant case.").

Plaintiff similarly argues that the phrase "participating in the sport of skiing" is ambiguous and should not apply to skier-upon-skier collisions because "[c]ontact in this context is not part of the sport itself[.]" (Doc. 18 at 5.) But in *Lengel*, the Vermont Supreme Court explained that actions arising from skier-upon-skier collisions are subject to § 513. 738 A.2d at *2 ("Even assuming . . . [the plaintiff] had no control over the alleged failure of the ski binding, this can also be said of a case where one skier hits another without warning. Nonetheless, in both instances, the resulting injuries could occur only in the context of persons participating in the sport of skiing, with its inherent risks."). "[C]ourts [in other states] have also recognized that collisions between skiers are an inherent risk of skiing." *Horvath v. Ish*, 134 Ohio St. 3d 48, 53, 2012-Ohio-5333, ¶ 20, 979 N.E.2d 1246, 1251-52 (citing to *Peterson ex rel. Peterson v. Donahue*, 733 N.W.2d 790, 793 (Minn. Ct. App. 2007); *Cheong v. Antablin*, 16 Cal. 4th 1063, 1069 (Cal. 1997); *Gern v. Basta*, 809 N.Y.S.2d 724, 725 (N.Y. 2006)).

5

Because Plaintiff filed her claim against Defendant on June 8, 2015, more than one year after the alleged collision and after the statute of limitations imposed by § 513 had expired, Defendant's motion to dismiss Plaintiff's complaint is GRANTED.

### B. Whether to Strike Plaintiff's Sur-Reply Because She Raised New Issues Beyond Those Raised in Defendant's Reply.

Defendant moves to strike Plaintiff's Sur-Reply, contending that it raises issues in addition to those raised in his reply. The District of Vermont Local Rules of Procedure do not specifically contemplate sur-replies, nor do they bar their use. *See L.R. 7(a); Chaney v. Stewart*, 2015 WL 1538021, at *1 (D. Vt. Apr. 7, 2015) (explaining that "[t]he Local Rules do not provide for the filing of a sur[-]reply," and that sur-replies are permissible with the leave of court or under extraordinary circumstances). To the extent sur-replies are permitted to allow a response to issues raised in the opposing party's filings, they function as a reply. *See Bayway Refining Co. v. Oxygenated Mktg. and Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (noting that "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party[]") (internal quotation marks omitted). The Second Circuit disfavors new issues raised in reply papers. *See Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995) (stating that "[n]ormally, [the court] will not consider arguments raised for the first time in a reply brief"); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993) (holding that "[a]rguments may not be made for the first time in a reply brief").

Although Plaintiff contends that the constitutional issues in her Sur-Reply are responsive to Defendant's reply,[4] Plaintiff had the opportunity to raise those arguments in

---

[4] Plaintiff argues:

> *Lengel*'s contradictory and confusing holding triggers a constitutional void for vagueness issue, as where both the federal and state courts cannot explicate the plain meaning of the statute in an understandable and consistent way, how can a person of ordinary intelligence be able to ascertain what injuries fall under the statute and what do not in order to know what time frame exists for them to bring suit? . . . Consideration of the void for vagueness issue raised by the *Lengel* case

6

her initial opposition to the motion to dismiss, and failed to do so. Because Plaintiff was not granted leave to raise new issues in her Sur-Reply, her Sur-Reply should be stricken insofar as it pertains to Plaintiff's constitutional claims. *See Mathie v. Goord*, 267 F. App'x 13, 14 (2d Cir. 2008) (holding that "[t]o the extent [the plaintiff] raised a new constitutional challenge in his submissions in opposition to [the defendants'] motion to dismiss[,]" the district court was correct not to consider it).

Were the court to address Plaintiff's constitutional arguments, it would conclude that they do not provide grounds to deny Defendant's motion to dismiss. There can be no rational argument that § 513 is void for vagueness[5] or that it fails to survive rational basis review because it unfairly discriminates between individuals who are injured while skiing and individuals who are injured by other means.[6] Likewise, there is no rational argument that § 513 violates Vermont's Constitution.[7] There is also no rational argument that by recognizing "skiing and snowboarding" as Vermont's official "[w]inter [s]ports[,]" 1 V.S.A. § 516, the Vermont Legislature sought to make clear that § 513 applied only to skiing.[8] If the Vermont Legislature desired that result, it would have so stated. *See Robes v. Town of Hartford*, 636 A.2d 342, 347 (Vt. 1993) (providing that the court

---

> also directly triggers [Plaintiff's] [E]qual [P]rotection arguments . . . [because] why would [snowboarders] have a three year statute of limitations . . . but a person injured skiing would only have one year to bring the same action?

(Doc. 26 at 3-4.)

[5] *See Vt. Right to Life Comm, Inc. v. Sorrell*, 758 F.3d 118, 128 (2d Cir. 2014) ("[a] facial vagueness challenge will succeed only when the challenged law can never be validly applied").

[6] *See FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993) (holding that rational basis review requires courts to uphold statutes "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification").

[7] *See Badgley v. Walton*, 2010 VT 68, ¶ 21, 188 Vt. 367, 378, 10 A.3d 469, 476 (holding that when reviewing a Common Benefits Clause claim, the court should "accord deference to legislation having *any reasonable relation* to a legitimate public purpose") (emphasis supplied and internal quotation marks omitted).

[8] Plaintiff argues that the enactment of 1 V.S.A. § 516 "completely preclude[es] the application of [] § 513 to any claims of injury sustained while participating in the sport of snowboarding[,]" which "creates an unequal classification of similarly situated people who are being afforded greater benefits [than skiers] under the law[.]" (Doc. 22 at 7.)

7

"presume[s] that the legislature chose its words advisedly[, and] [i]f the legislature intended" a particular outcome, it would so specify) (citations omitted). Regardless of how § 513 may apply to other activities, Plaintiff was engaged in skiing when she suffered her alleged injuries and her claims are squarely governed by § 513. *See Aube v. O'Brien*, 433 A.2d 298, 299 (Vt. 1981) (holding that "where there is a conflict between a general statute of limitations and a specific statute of limitations, the latter will prevail").

## CONCLUSION

For the reasons stated above, the court GRANTS Defendant's Motion to Dismiss (Doc. 6) and GRANTS IN PART Defendant's Motion to Strike (Doc. 24).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 24th day of November, 2015.

Christina Reiss, Chief Judge
United States District Court